**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

AMBER MILLER,                                  :
                                               :
        *Plaintiff*,                     :      Civil Action No.: 2:23-cv-834
                                               :
    v.                                       :
                                               :
CITY MISSION,                                  :
                                               :
        *Defendant*.                    :

**COMPLAINT**

AND NOW, comes the Plaintiff, Amber Miller, by and through her undersigned counsel,

Sean A. Casey, Esquire, and files the following Complaint:

**Nature of the Action**

This is an action brought for sex, disability, race, and color, discrimination under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), the Americans with Disabilities Act

Amendment Act, as amended 42 U.S.C. §12010 et. seq., the Section 1981 of the Civil Rights Act

of 1866, 42 U.S.C. §1981, *et seq., as amended*, the Pennsylvania Human Relations Act (PHRA),

retaliation under the various statutes, and creation of a hostile work environment. The Plaintiff,

Amber Miller, seeks declaratory, injunctive, and compensatory relief for the discriminatory

conduct, retaliation, and hostile work environment she endured, and for being terminated from her

position by the Defendant in this matter.

**Parties**

1.      The Plaintiff Amber Miller is a black female individual, approximately thirty-nine

(39) years of age, and currently resides at 203 E. Grant Street, Houston, Pennsylvania 15342.

2.      At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3.      The Defendant, City Mission, is an employer within the meaning of the Act, with a place of business located at 84 W. Wheeling Street, Washington, Pennsylvania 15301.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§1331, 1343, and 1367.

5.      This action arises in part under 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981(a).

6.      This action also arises under the Civil Rights Act 42 U.S.C. Section 1981 for the violation of Plaintiff's constitutional rights by the Defendant.

7.      The Court may also maintain supplemental jurisdiction over state law claims set forth herein (or later added) pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

8.      Venue in this District is proper under 28 U.S.C. §1391(b)(c).

**Factual Background**

9.      The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10.      Ms. Amber Miller is a black female individual, approximately thirty-nine (39) years of age, and currently resides at 203 E. Grant Street, Houston, Pennsylvania 15342.

11.   Ms. Miller is filing a Complaint against her former employer, City Mission that has a place of business located at 84 W. Wheeling Street, Washington, Pennsylvania 15301.

12.   Ms. Miller was first hired by City Mission on or about August 22, 2016.

13.   She had been working as a manager of the City Mission's Women's and Children's Program.

14.   Leah Deitrich is a Caucasian woman, who was the immediate supervisor for the Plaintiff.

15.   Dennis Kenneday is a Caucasian male, who was the CFO of City Mission and was at times directly involved with the Plaintiff's employment.

16.   On or about November 23, 2020, the Plaintiff took medical leave due to complications from COVID and a related pneumonia, and the Defendant was also aware of the Plaintiff's rheumatoid arthritis.

17.   Plaintiff made requests for FMLA leave while off, to which she never received any response or answer concerning said requests.

18.   Plaintiff's supervisor continued to call her while she was off, in part, questioning the severity of her condition and the necessity of her leave.

19.   Plaintiff returned to work on or about December 18, 2020, at which time there was some additional questioning regarding her medical condition.

20.   Plaintiff felt that this treatment was targeting her, and that other white employees were not treated in a similar fashion.

21.   There were at least two other black female employees who quit their positions with the Defendant citing racial issues in their resignation letters, which resignations occurred in close temporal proximity to the Plaintiff's termination.

22.     Plaintiff felt that she continued to be treated differently in that the tone, demeanor, and evaluation of her work was unreasonable in terms of accepted standards at the facility.

23.     On or about April 10, 2021, the Plaintiff filed a complaint with the local National Association for the Advancement of Colored People (NAACP), in Washington, Pennsylvania for the increasingly hostile work environment, harassment and intimidation.

24.     On April 22, 2021, representatives from the NAACP met with the Plaintiff and representatives of the Defendant to discuss the complaint the Plaintiff had filed.

25.     On the same day, immediately after the meeting with the NAACP representatives, the Defendant placed the Plaintiff on administrative leave pending their investigation of the complaint to the NAACP.

26.     On May 5, 2021, less than two weeks from the date of the meeting with the NAACP, the Defendant terminated the Plaintiff for reasons stated to her as negligence, unprofessionalism, and poor judgment.

27.     Plaintiff maintains that she did not have any poor reviews and had never been placed on a performance improvement plan.

28.     Plaintiff also maintains that she had received no written warning prior to her termination.

29.     On or about June 4, 2021, the Plaintiff filed a Charge with the EEOC against the Defendant in this matter.

30.     On February 16, 2023, the Plaintiff checked the EEOC Portal and discovered that a right to sue letter was uploaded by the EEOC and was dated December 15, 2022 (Exhibit 1).

31.     The Plaintiff maintains that she did not receive said document in the mail or electronic mail, and only viewed it for the first time on February 16, 2023.

4

32.     The Plaintiff is filing a Complaint within the ninety (90) days of her receipt of the notice of right to sue letter.

**<u>Count 1: Race Discrimination: Title VII and PHRA</u>**

33.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

34.     The Plaintiff is a black female individual that was employed by the Defendant, and as stated above, discriminatory acts were taken upon her by several white supervisory personnel.

35.     Plaintiff was a minority within the Defendant's workplace.

36.     The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act (PHRA).

37.     The Plaintiff was treated inconsistently with regard to past practices and treated differently than white employees.

38.     The Defendant did not address or investigate the discriminatory and retaliatory conduct, or hostile work environment that was occurring in the workplace to the Plaintiff, and by implication created the environment that seemingly condoned such conduct.

39.     As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of

standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 2: Section 1981 Violation

40. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

41. The acts and conduct of the Defendant, acting under color of state law, where Plaintiff was subjected to a hostile work environment and race discrimination and retaliation by Defendant was a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitutional and the Civil Rights Act, 42 U.S.C. Section 1981.

42. The Plaintiff also exercised her constitutional rights under the United States Constitution by opposing and protesting Defendant's unlawful actions and complaining about being subjected to racial employment discrimination, retaliation, and a hostile work environment.

43. After complaining to Defendant of being subjected to race and color discrimination, Plaintiff was subjected to retaliatory actions by the Defendant for engaging in protected activities under the Constitution and the Civil Rights Act.

44. The Defendant also violated Plaintiff's Constitutional Rights by denying her equal protection.

45. The Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. Section 1981.

46.    As a result of violations of the Civil Rights Act by the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earnings power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Sex Discrimination: Title VII and PHRA

47.    Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

48.    Defendant did not address or investigate the sex discrimination and retaliation that was occurring in the workplace to the Plaintiff.

49.    As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience,

loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 4: Disability Discrimination: Title VII and PHRA

50.    Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

51.    The Plaintiff had disclosed her medical conditions and requested leave, which constituted protected activity under these statutes.

52.    The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of the Americans with Disabilities Act Amendment Act, as amended 42 U.S.C. §12010 et. seq., and the Pennsylvania Human Relations Act.

53.    Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

54.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive

relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 5: Title VII and PHRA – Retaliation

55.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

56.     The Plaintiff had disclosed her medical conditions and requested leave, which constituted protected activity under these statutes.

57.     Plaintiff was harassed, humiliated, discriminated, and terminated by the Defendant in retaliation for disclosing her medical condition, and asserting her rights under Title VII of the Civil Rights Act and PHRA by raising the issues of discriminatory actions.

58.     Not only did the Defendant not take measures to correct the discriminatory nature of their criteria, but they engaged in activities to question, discipline, and terminate the Plaintiff.

59.     The Plaintiff exercised rights and opposed discriminatory conduct prohibited by Title VII of the Civil Rights Act and PHRA.

60.     Under the ADAAA and the PHRA a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

61.     The Defendant's conduct in retaliation for Plaintiff's complaints constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. Section 2000e-.

62.     As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 6: Hostile Work Environment

63.    Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

64.    Plaintiff had repeatedly endured acts of discrimination and retaliation from the Defendant.

65.    As described above, Defendant subjected the Plaintiff to a hostile work environment on the basis of her sex, disability, race, and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), the Americans with Disabilities Act Amendment Act, as amended 42 U.S.C. §12010 et. seq., the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, *et seq., as amended*, and the Pennsylvania Human Relations Act (PHRA).

66.    The Plaintiff's superiors and agents of the Defendant have increasingly responded to her in a manner that was aggressively hostile, making the Plaintiff feel uncomfortable and unsafe.

67.    As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

10

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Title VII of the Civil Rights Act, Section 1981 of the Civil Rights Act of 1866, and ADAAA, the PHRA, and retaliation under the various statutes;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provide proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Amber Miller, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

11

D)      Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E)      Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F)      Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G)      Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted,

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481
Email: sean@caseylegal.com
Counsel for Plaintiff, Amber Miller